IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2005 DEC -2 P 4: 24

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY._____ DEPUTY

| | | |
|---|---|---|
| MATTHEW J. JACKSON, ET AL, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. SA 03 CA 49 RF |
| THE CITY OF SAN ANTONIO, | § | JURY DEMAND |
| | § | |
| DEFENDANT | § | |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY FROM DEFENDANT, AND FOR OTHER RELIEF

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Now come Plaintiffs and file this Motion to Compel Responses To Discovery From Defendant And For Other Relief pursuant to F.R.C.P. 37(a) and would show the Court as follows:

### I.INTRODUCTION

On September 30, 2005, Plaintiffs representatives filed the following[1] on the Defendant: Interrogatories, Requests for Production, Requests for Admissions.

On November 3, 2005, Defendant filed its responses (see attached Exhibit "A"). Plaintiffs assert in this Motion, that said responses were and are inadequate, and now seek the intervention of this Court to either compel adequate responses, or for other relief, such as to deem admissions, and/or strike affirmative defenses/defenses, or other defenses, asserted by the Defendant.

---

[1] Fifteen individual sets of discovery and one global set on behalf of 33 plaintiffs.

## II. SUMMARY OF THE CASE

*Jackson, et al v. The City of San Antonio*, Cause No. SA-03-CA-49-EP ("*Jackson*"), was filed in December 2002 on behalf of approximately 66 current and former non-exempt officers of SAPD. In *Jackson*, Plaintiffs alleged that Defendant failed to pay overtime pay for specific hours worked, including but not limited to, hours worked: during pre- and post shift briefings; during other post-shift activities; while cleaning and maintaining weapons; while engaged in weapons training; while working for the City of San Antonio in off duty assignments; and, while "off the clock". Plaintiffs have brought their action pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). Pursuant to the opt-in requirements of § 216 of the FLSA, approximately 260 SAPD officers have opted-in to the *FLSA* claims asserted in this case. Plaintiffs provided responses to Court-ordered and -drafted interrogatories on June 3, 2005. Defendant then spent more than 100 hours deposing forty-two (42) plaintiffs during the period beginning August 23, 2005 and ending September 28, 2005. This case is set for trial on March 27, 2006. The discovery period closes December 2, 2005, as per this Court's Pre-Trial Order issued April 25, 2005.

## III. DEFENDANT HAS IGNORED PLAINTIFFS' DISCOVERY

Plaintiffs propounded 15 sets of Discovery on behalf of individuals designated by Plaintiffs as representatives[2], and 33 sets collectively on behalf of Plaintiffs designated by Defendant as representative Plaintiffs[3]. The individual sets of discovery differed from the

---

[2] Plaintiffs' designated representatives are: Bill Banfield, Leroy Carrion, Chad Culp, Michael Despres, Lawrence Doyle, Holenoel Haliburton, John LaMaestra, James Prendergast, Felipe Santos, Brian Stuhl, Linda Taylor, Randall Tucker, Bruce Wilson, Gregory Young and Duane Gonyon (See Exhibit "B" – Banfield set)

[3] Defendant's designated representatives are: Kenneth Thuleen, Brice Brietzke, Anastacio Hernandez, John Sharp, Warren Titus, Juan Silva, Janellen Valle, Heidi Hoff, Cynthia Flores, Dennis Cartwright, Richard

"global" set.  The individual sets asked eighteen (18) interrogatory questions, and the "global" set asked twenty-three (23) interrogatory questions.  The individual and global sets are the same as to Requests for Production and Requests for Admissions.

The Interrogatories numbered 1-23 all concern defenses and affirmative defenses asserted by the Defendant in its Amended Answer filed on record in this lawsuit.  Each question was specific as to the defense asserted, and most of the questions actually quoted portions of the defenses and affirmative defenses contained in the Amended Answer of the Defendant. The Defendant has specifically claimed the affirmative defenses of exemptions or exclusions to the requirements of the *FLSA*, i.e., administrative and executive exemptions, etc. (see Interrogatories 6 and 7).  Defendant also has claimed offsets, credits, and the failure to mitigate as affirmative defenses to the payment of any amounts owed (see Interrogatories 1, 3, 4, and 18).

Defendant further asserted that Plaintiffs' Interrogatory questions 1-10, construed with subparts, exceeded the twenty-five (25) interrogatory limit imposed by *F.R.C.P.* 33(a).  Based on this assertion, Defendant refused to provide any answers to Interrogatories 11-24 of the global set, and 11-17 of the individual sets of Interrogatories. In the Requests for Production served on the Defendant, Request Nos. 5, 8, 10, 17, 19 and 22 specifically request documents that support the affirmative defenses claimed by the Defendant that would reduce the amounts claimed by the Plaintiffs individually or globally.  Defendant failed to produce to the Plaintiffs any records that support specific reductions and instead performed a "data dump" of computer data.  Defendant failed to identify any specific

---

Long, David Bejar, Michael Villanueva, Felix Orosco, Michele Ramos, Allan Nussbaum, Robert Munoz, Rayford Haddon, Wayne Shoquist, Michael Heim, Matthew Jackson, Jason Rozacky, George Lockamy, Darrell Pleasant, Daniel Robles, Ted Prosser, Stephanie Alonzo Maria Cadena-May and Jay Krick (See Exhibit "C")

amounts per Plaintiff of offsets, credits or reductions that Defendant is claiming pursuant to its affirmative defenses. In the Admissions served on the Defendant, Defendant admitted Admission Nos. 1, 4, 7, 10, 13, 14, 15, 16, 17 and 18, however, Defendant failed to either admit or deny Admission Nos. 2, 3, 6, 8, 9, 11 and 12, and instead contended that these Admissions were "vague, ambiguous, and incapable of an answer".

## IV. <u>DEFENDANT'S RESPONSES TO INTERROGATORIES ARE DEFICIENT</u>

Defendant has failed to answer an interrogatory after No. 10 and has claimed that due to each question's subparts, they in total exceeded twenty-five (25) questions as per *F.R.C.P.* 33(a). Each question concerns a specific defense claimed by Defendant, and each subpart is not discrete, rather it seeks details regarding a common theme. *Williams v. Board of Commissioners*, 192 F.R.D. 698, 701 (D.Kan.2000). The test of whether a subpart should be counted as a separate interrogatory, or as a subpart, is if it is logically and factually subsumed within and necessarily related to the primary question. *Kendall v. GES Exploration Services, Inc.*, 124 F.R.D. 684, 685-86 (D.Nev. 1997). See *Nyfield v. Virgin Islands Tel. Corp.*, 200 F.R.D. 246, 247-48 (D.VI. 2001). The plain reading of Interrogatories 1-10 show they are subparts of the same interrogatory seeking details of a common theme, and are factually subsumed by the initial statement in the interrogatory. Therefore, the objections of the Defendant are wholly without merit and should be stricken. Furthermore, 33 plaintiffs asked twenty-three (23) interrogatory questions in one document. The 33 Plaintiffs are each entitled to ask twenty-five (25) interrogatories per party. See *F.R.C.P.* 33(a). In total, the Plaintiffs were entitled to ask 795 interrogatories collectively. The Plaintiffs asked less than 3% of the collective interrogatory questions they were entitled to ask under *F.R.C.P.* 33(a). Defendant also evaded answering

Interrogatory Nos. 1, 3, and 4 by claiming that because Plaintiffs have provided "annual estimates", Defendant cannot deduce its own credits or offsets from its own records pursuant to its own affirmative defenses that it has claimed in this lawsuit. Then, the Defendant directs the Plaintiffs to calculate the offsets claimed by referring to payroll records. In essence, the Defendant wants Plaintiffs to guess what factual evidence the Defendant will introduce at trial to support its asserted affirmative defenses. The Plaintiffs have no idea what offsets, credits, etc. the Defendant will assert, as Defendant can pick and choose any pay period or type of offset, credits, etc., it wishes to assert at trial. Defendant has not objected to Interrogatories Nos. 1, 3, and 4, but instead chose not to answer fully, or answer at all. The answers of the Defendant are evasive and incomplete and are a failure to answer that is subject to sanctions under *F.R.C.P.* 37(d) and *F.R.C.P.* 37(a)(3). See *Wilson v. Bradlees, Inc.*, 250 F.3d 10, 19 N. 18 (1st Cir.2001).

In response to Interrogatory No. 2 (answers b-c), Defendant has directed the Plaintiffs to identify materials produced to the Plaintiffs in the past to derive and determine the pay weeks for which Defendant claims Plaintiffs do not qualify for overtime. This is a "data dump" as Plaintiffs cannot ascertain for which weeks Defendant is claiming an affirmative defense. Rather than reveal this information as it is required to do in the discovery process, Defendant is asking Plaintiffs to search Defendant's records and "figure it out". *EEOC v. General Dynamics Corp.*, 999 F.3d 118 (5th Cir.1993); *See also Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir.1992). Defendant's vague reference to payroll records is not a permissible answer as it does nothing to reveal the factual basis of the affirmative defenses asserted by the Defendant. *SEC v. El Findepan*, 206 F.R.D. 576, 574 (M.D. N.C. 2002). In fact, Defendant also refers Plaintiffs to this payroll record "data

dump" to avoid answering   Interrogatory Nos. 3 and 8. As a result of Defendant's evasive, incomplete and improper answers, Plaintiffs have "zero information" as to the type and quantum and timing of affirmative defenses asserted by the Defendant.

## V. <u>REQUESTS FOR PRODUCTION</u>

In Defendant's responses to Plaintiffs' Request for Production No. 5, which relates to credits or offsets, once again the Defendant avoids answering and refers Plaintiffs to "payroll and time data".  This is repeated in Requests for Production Nos. 6, 8, 10, and 19. None of the information is referred to with a degree of specificity that can allow Plaintiffs to know what documents Defendant is relying upon to support its affirmative defenses to Plaintiffs' individual claims.

## VI. <u>REQUEST FOR ADMISSIONS</u>

"Vague, ambiguous and incapable of an answer" is not an appropriate objection and as a result, said admissions should be deemed admitted.   The objections are not specific, and therefore, do not comply with the requirements of *F.R.C.P.* 36(a).  As the objection fails, being evasive and incomplete, the requests should be deemed admissible. *F.R.C.P.* 36(a).  *Southern Ry v. Crosby*, 201 F.2d 878, 880 (4th Cir.1953).

## VII. <u>BURDEN OF PROOF</u>

Under the *FLSA* an employee who brings suit for unpaid overtime compensation bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. International Tel. and Tel. Corp.,* 616 F.2d 1342, 1351 (5th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds as stated in Carter v. Panama*

*Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.), *cert. denied,* 409 U.S. 1012, 93 S.Ct. 441, 34

L.Ed.2d 306 (1972)).

"Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the *[FLSA] Id.* "Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a 'sufficient basis' for damages." [FN2] *Id.* The Supreme Court has explained that the employer bears the risk of inadequate record keeping when it fails to pay compensation in accordance with the *FLSA.*    The *FLSA* provides: "Every employer subject to any provision of this Act ... shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him...." 29 U.S.C. § 211(c). "The solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. *In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.* The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate '. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. at 687-88, 66 S.Ct. at 1192 (emphasis added).

In this case because the employer failed to keep time records, the Defendant must "disprove" the employee's testimony that the Act was violated. *Shultz v. Hinojosa d/b/a H & H Meat Products Co.,* 432 F.2d 259 (5th Cir. 1970).  (See also *Skipper v. Superior Dairies, Inc.* 512 F.2d 409, 419-420 (C.A.Fla.,1975)) Employers claiming *FLSA* exemptions have burden of showing that exemption applies. Exempt status under the *FLSA* is affirmative defense, and, therefore, defendant employer bears burden of proof on that issue; because *FLSA* exemptions must be narrowly construed, defendant must prove plaintiff's exempt status by clear and convincing evidence. *Stricker v. Eastern Off Road Equipment, Inc.,* 935 F. Supp. 650 (D. Md. 1996). *Arbia v. Owens-Illinois, Inc.,* 8 Wage

& Hour Cas. 2d (BNA) 1345, 2003 WL 21297330 (M.D. N.C. 2003). Employer who claims *FLSA* exemption for its employees not only has burden of proof but must show that its employees fit plainly and unmistakably within exemption's terms. *Hurley v Oregon* (1993, DC Or) 859 F Supp 427.

## CONCLUSION

Plaintiffs have provided detailed answers to Defendant's interrogatories (promulgated by the Court), and have fully cooperated with Defendant to facilitate the Defendant taking the depositions of over 40 Plaintiffs lasting, cumulatively, over 100 hours. Defendant also has had Plaintiffs' responses to Interrogatories since June 3, 2005, and has completed all the depositions of Plaintiffs many weeks ago. To date, the Defendant has not filed a Motion to Compel complaining of any lack of information or any failure by Plaintiffs to cooperate in the discovery process. Yet, ironically, despite receiving voluminous and copious information from Plaintiffs via both paper and oral discovery, the Defendant now claims it does not know what the Plaintiffs' claims are and, based on that erroneous excuse, Defendant now refuses to answer discovery concerning the fundamental factual and documentary basis of its affirmative defenses. Without full and complete responses to their discovery, Plaintiffs are without knowledge of the affirmative defenses and other defenses claimed by Defendant. The absence of discovery responses and evasion of discovery obligations is contrary in every respect to this Court's express instructions to all counsel to cooperate fully in discovery in this case. This Court is urged to compel the Defendant to fully answer all of Plaintiffs' discovery requests as articulated herein. However, given the complete lack of factual responses of the Defendant and the impending trial date, the Court, as a sanction, should strike Defendant's affirmative defenses and

defenses asserted, to which Defendant improperly responded. As trial is approaching, and given that the City has custody and control of all the requested information as well as the legal obligation to keep the information requested, striking Defendant's defenses is a measured, fair, and appropriate sanction the Court should impose on the Defendant.

Wherefore, for all the reasons stated above and as supported by the law, facts, deposition testimony, and discovery responses referenced herein or appended hereto, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion to Compel and for such other relief which is just and equitable under the circumstances.

## CERTIFICATE OF CONFERENCE

Movant certifies that pursuant to Local Rules of the Western District of Texas-(CV-7) that on Thursday December 2, 2005 the parties conferred in a good faith attempt to resolve the dispute, and that attempt was not successful.

Respectfully Submitted,

| | | |
|---|---|---|
| Mark Louis Greenwald | David L. Kern | Rebecca L. Fisher |
| **TINSMAN & SCIANO, INC.** | **KERN & KALMAN, PLLC** | Texas Bar No. 00790687 |
| One Riverwalk Place | 701 North Saint Vrain Street | **REBECCA L. FISHER &** |
| 14th Floor | El Paso, Texas 79902 | **ASSOCIATES** |
| San Antonio, Texas 78205 | Phone (915) 542-1983 | P. O. Box 417 |
| Phone (210) 225-3121 | Fax (915) 534-7207 | McGregor, Texas 76657 |
| Fax (210) 225-6235 | Texas Bar No. 11334450 | Phone (254) 840-0220 |
| | | Fax (254) 840-0219 |

By: _____
　　　Mark Louis Greenwald
　　　Texas Bar No. 08403750

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a correct copy of the above and foregoing Motion to Compel Responses To Discovery From Defendant And For Other Relief has been served on this the Friday, December 02, 2005, to the following, counsel for Defendant:

Shawn Fitzpatrick and/or Mark Kosanovich
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121

Deborah Klein
Assistant City Attorney
P.O. Box 839966
San Antonio, Texas 78283-9966

Dawn M. Knepper/Robert Bettac
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
112 E. Pecan Street
2600 Weston Centre
San Antonio, Texas 78205

MARK LOUIS GREENWALD

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MATTHEW JACKSON and STEVE CHRISTIAN, et al.,** | § § § | |
| **Plaintiffs,** | § § | **Cause No. SA-03-CA-049-WRF** |
| **v.** | § § | |
| **THE CITY OF SAN ANTONIO,** | § § | |
| **Defendant** | § | |

## DEFENDANT CITY OF SAN ANTONIO'S ANSWERS TO PLAINTIFFS' INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

TO:    Plaintiffs Collectively, by and through their attorneys of record:
Mr. Mark Louis Greenwald, Tinsman, Scott & Sciano, Inc., One Riverwalk Place, 14th Floor, San Antonio, TX 78205; Mr. David L. Kern, Peticolas, Shapleih, Kern & Kalman, P.L.L.C., 701 N. St. Vrain Street, El Paso, TX 79902; and Ms. Rebecca L. Fisher, Rebecca L. Fisher & Associates, 407 S. Tyler Street, P.O. Box 417, McGregor, TX 76657

In response to Plaintiffs' Interrogatories, Requests for Production, and Requests for Admission, Defendant City of San Antonio states as follows:

## INTRODUCTION

On September 30, 2005, the Plaintiff-Designated Representatives issued Interrogatories, Requests for Production and Requests for Admissions, including individual sets for 15 named Plaintiffs, and a collective set for 29 Plaintiffs. These answers are in response to all discovery issued by Plaintiffs on September 30, 2005. Unless designated otherwise, each reference to "Plaintiff" shall mean all individual Plaintiffs in the lawsuit, designated as Discovery Plaintiffs.

## GENERAL OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS

To the extent that Plaintiffs' instructions exceed the requirements of the Federal Rules of Civil Procedure, Defendant objects.

Respectfully submitted,

Mr. Shawn Fitzpatrick
State Bar No. 0078747
Mr. Mark Kosanovich
State Bar No. 00788754
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, TX  78283-1121
Phone:  (210) 207-2157
Fax:      (210) 207-8997

John J. Franco, Jr. (TXB#07362800)
Robert E. Bettac, Esq. (TXB#02268400)
Dawn M. Knepper (TXB#24034525)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Weston Centre
112 E. Pecan Street, Suite 2600
San Antonio, Texas  78205
Telephone: (210) 277-3622
Facsimile: (210) 277-2702

Deborah Klein
Assistant City Attorney
P.O. Box 839966
San Antonio, TX  78283-3966

COUNSEL FOR DEFENDANT
CITY OF SAN ANTONIO

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 2 of 29

## CERTIFICATE OF SERVICE

     I hereby certify that on this 2nd day of November, 2005, a true and correct copy of the foregoing instrument was forwarded to opposing counsel below by the method indicated:

| | | |
|---|---|---|
| Mark Louis Greenwald | David L. Kern | Rebecca L. Fisher |
| **Tinsman, Scott & Sciano** | **KERN & KALMAN PLLC** | **REBECCA L. FISHER &** |
| Riverwalk Place, 14th Floor | 701 N. St. Vrain St. | **ASSOCIATES** |
| San Antonio, Texas 78205 | El Paso, TX. 79902 | P. O. Box 417 |
| | | McGregor, TX.  76657 |
| (Via Hand Delivery | (Via CMRRR | |
|  w/produced documents) |  w/o produced documents) | (Via CMRRR |
| | |  w/o produced documents) |

Dawn M. Knepper

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309 2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 3 of 29

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to this Plaintiff, identify and articulate each fact that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe... Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims identify and articulate the precise amount of credit or offset that Defendant is claiming;

b. For each week during the period of time covered by this Plaintiff's claims identify and articulate how Defendant calculated the amounts of credit or offset that Defendant is claiming;

c. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming;

d. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming; and,

e. For each week during the period of time covered by this Plaintiff's identify and articulate precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming.

**ANSWER:**

1.a.    Defendant is entitled to offset payments to Plaintiff against Defendant's FLSA overtime pay liability in any week in which the Plaintiff has established Plaintiff's entitlement to FLSA overtime. However, Plaintiff has failed to identify--with any degree of resolution greater than "annual estimates"--those weeks in which Plaintiff claims to be owed FLSA overtime. Thus, Defendant cannot respond to this question as it is presently phrased. Nonetheless, Plaintiff may calculate the amount of credits and/or offsets by referring to the amounts paid to Plaintiff as reflected in the time and payroll records previously produced.

1.b.    Defendant is entitled to offset payments to Plaintiff against Defendant's FLSA overtime pay liability in any week in which the Plaintiff has established Plaintiff's entitlement to FLSA overtime. However, Plaintiff has failed to identify--with any degree of resolution greater than "annual estimates"--those weeks in which Plaintiff claims to be owed FLSA overtime. Thus, Defendant cannot respond to this question as it is presently phrased. Defendant claims a credit and/or offset for

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 4 of 29

each week during which the Plaintiff received premium pay above Plaintiff's regular rate including  off-duty court time, call-back time, standby, other overtime, premium holiday time, or any other time for which Plaintiff was paid at a rate exceeding Plaintiff's regular rate.  Should Plaintiff convince the Court that special assignments worked through the Off Duty Employment Unit were, in fact, worked for the City of San Antonio, then these payments are subject to the same credit or offset.  The credit is calculated as set forth by law: Premiums paid by the Defendant are deducted from the Defendant's FLSA overtime liability.

1.c.    Please see payroll and time records of the Plaintiff previously produced in this matter.

1.d.    Defendant is entitled to offset payments to Plaintiff against Defendant's FLSA overtime pay liability in any week in which the Plaintiff has established Plaintiff's entitlement to FLSA overtime.  However, Plaintiff has failed to identify--with any degree of resolution greater than "annual estimates"--those weeks in which Plaintiff claims to be owed FLSA overtime.  Thus, Defendant cannot respond to this question as it is presently phrased.  Nonetheless, please see the answer to Interrogatory No. 1.c.

1.e.    Please see the answer to Interrogatory No. 1.b.

**INTERROGATORY NO. 2**: With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer including but not limited to the following:

a.  For each week during the period of time covered by this Plaintiff's claims identify and articulate what Defendant contends the "applicable overtime threshold" to be;

b.  For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the exact amount of  time Defendant claims was actually worked by this Plaintiff during that week;

c.  For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 5 of 29

d.  For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e.  For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week; and,

f.  For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not actually worked by this Plaintiff during that week.

**ANSWER:**

    2.a.    43 hours.

    2.b.    Please see time records of the Plaintiff previously produced in this matter.

    2.c.    Please see payroll records of the Plaintiff previously produced in this matter.

    2.d.    Please see time records of the Plaintiff previously produced in this matter.

    2.e.    Please see time records of the Plaintiff previously produced in this matter.

    2.f.    Please see the payroll and time records of the Plaintiff previously produced in this matter and the applicable Collective Bargaining Agreements.

**INTERROGATORY NO. 3:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

Defendant is entitled to offset all premium payments made to Plaintiff against Defendant's FLSA overtime pay liability in any week in which the Plaintiff has established Plaintiff's entitlement to FLSA overtime.  However, Plaintiff has failed to

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 6 of 29

identify--with any degree of resolution greater than "annual estimates"--those weeks in which Plaintiff claims to be owed FLSA overtime. Thus, Defendant cannot respond to this question as it is presently phrased. Under the two Collective Bargaining Agreements at issue in this matter, Defendant paid Plaintiff at premium rates for off-duty assignments, off-duty court time, call-back time, standby, other overtime, and premium holiday time. Please see payroll and time records of the Plaintiff previously produced in this matter. To the extent that this Interrogatory seeks a more elaborate statement of facts, Defendant objects to this request because it is unduly burdensome and beyond the proper scope of an interrogatory.

**INTERROGATORY NO. 4:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "Plaintiffs were routinely relieved from duty without such time being charged against their leave banks or otherwise", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. Each week (by year, month and date) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise";

**ANSWER:**

4.a.    Although Plaintiff characterizes Defendant's pleading as an affirmative defense, it is in fact a pleading of entitlement to credit or offset against FLSA liability. Credit or offset is available in any week in which FLSA overtime liability exists. But Plaintiff has failed to plead or identify in discovery any specific week in which Plaintiff claims to be entitled to overtime compensation under the FLSA. Thus, it is impossible for the Defendant to answer this question as drafted. Subject to the preceding objections, Defendant answers: every week in which Plaintiff worked.

4.b.    See objections to question 4.a. Subject to those objections, approximately 160 hours per year, exclusive of leave time taken by Plaintiff.

**INTERROGATORY NO. 5:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests For Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 7 of 29

of unjust enrichment", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. The amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**ANSWER:**

5.a.    As this entitlement appears to be foreclosed by the Court's December 3, 2003, Order of Remand, Defendant no longer asserts this form of offset in this action.

5.b.    See answer to 5.a.

**INTERROGATORY NO. 6:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City avers that some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff state specifically:

a. Which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. How the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. How the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**ANSWER:**

6.a.    The executive and administrative exemptions apply to the following Plaintiffs: Michael Despres, James Prendergast, Ted Prosser, Wayne Shoquist and Gregory Young.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 8 of 29

6.b.    As to each of the Plaintiffs identified in response to 6.a. above, Plaintiff's primary duty consists of the management of his/her department or section, substation or shift, regularly directing the work of two or more full-time employees, and Plaintiff has the authority to make recommendations on personnel decisions and his/her recommendation is given serious consideration, and Plaintiff regularly exercises independent and discretionary judgment. Plaintiff's primary duty also consists of either the performance of office or non-manual work directly related to management policies or general business operations of the City of San Antonio, and Plaintiff regularly exercises discretionary independent judgment, and performs under only general supervision work that is specialized, that requires special training, experience, or knowledge. The duties of the Sergeants and Lieutenants are set forth in excerpts from the Patrol SOP, attached as deposition excerpts, and which were even produced to Defendant by Plaintiff Despres in response to the Defendant's requests for production to Plaintiffs.

6.c.    As to each of the Plaintiffs identified in response to 6.a. above, this Plaintiff is paid a salary and not by the hour, and the salary exceeds $455.00 per week.

6.d.    Please see the responses to Interrogatory Nos. 6.b. and 6.c.

**INTERROGATORY NO. 7:** Identify and articulate every fact that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

This is not an affirmative defense; it is the statutory overtime threshold designated by Defendant. Defendant employs Plaintiff in a law enforcement capacity and Plaintiff's work period is 7 days in length.

**INTERROGATORY NO. 8:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a.   When (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s /10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 9 of 29

b. For each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**ANSWER:**

8.a.    This is not an affirmative defense; it is the legal standard for determining which work hours may be excluded from the calculation of hours worked for overtime pay purposes. Please see time records of the Plaintiff previously produced in this matter.

8.b.    Please see time records of the Plaintiff previously produced in this matter.

**INTERROGATORY NO. 9**: With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The Plaintiffs were voluntarily engaged in outside employment, for a separate employer, and the time spent in such off-duty activities is not chargeable against the City", as alleged in Defendant's Second Amended Answer.

**ANSWER:**

This is not an affirmative defense; it is the legal standard for determining which work hours may be excluded from the calculation of hours worked for overtime pay purposes. The hours worked by the Plaintiff in off-duty employment are not chargeable against Defendant because Plaintiff has engaged in the special assignments voluntarily and the voluntary off-duty employment was with employers who were separate and independent from the Defendant. To the extent that Plaintiff requires more information on his or her specific off-duty employment, Defendant objects because this request exceeds the permissible scope of an interrogatory.

**INTERROGATORY NO. 10:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The City avers that it has in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**ANSWER:**

The San Antonio Police Department and the San Antonio Police Officer's Association negotiated for and entered into two Collective Bargaining Agreements ("CBA") which apply to the Plaintiffs' claims in this matter, the first dated October 1, 1998 through

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 10 of 29

September 30, 2002 and the second dated October 1, 2002 through September 30, 2006. The CBA's were negotiated under the provisions of the Fire and Police Employee Relations Act of the State of Texas. Both of these CBA's were presented to the members of the San Antonio Police Officer's Association for review and a ratification vote. Both of the CBA's were approved by the Police Officer's Association. After the Police Officer's Association and the Police Department entered into these CBA's, they were presented to and ratified by the San Antonio City Council.

Both of these CBA's address off-duty employment. These provisions for off-duty employment are reasonable because they were negotiated and approved by both the Police Officer's Association and the Police Department.

**INTERROGATORY NO. 11:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the Plaintiffs have failed to mitigate their damages", as alleged in Defendant's Second Amended Answer and state specifically:

a. The precise amount of damages (in dollars and cents) that Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this case; and

b. What it is that Defendant is claiming this Plaintiff should have done to mitigate his/her damages in this case.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 12:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 11 of 29

**INTERROGATORY NO. 13:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City avers that its actions were taken in good faith" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 14:** If the Defendant contends that the Plaintiff was not truthful or honest in answering his/her interrogatories, identify and articulate each fact that you rely upon to make this contention and/or to impeach the Plaintiff.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 15:**   If the Defendant contends that the Plaintiff violated any Policies, Rules, or Regulations of the San Antonio Police Department, in connection with his/her conduct in this case, identify and articulate each fact that you rely upon to make this contention

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 16:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold established by the FLSA", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a.  How many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

b.  When (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 12 of 29

c.  What type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 17:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "governmental immunity" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 18:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 19:** If the Defendant contends that Plaintiff incorrectly estimated the number of hours per year Plaintiff worked for the San Antonio Police Department/Off Duty Employment office, said estimate contained in Plaintiff's response to Defendant Interrogatory number "3", identify and articulate what you contend to be a correct estimate, by year.

**ANSWER:**

Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 13 of 29

**INTERROGATORY NO. 20:** If you contend that the Plaintiffs claims in this lawsuit are subject to the Collective Bargaining Agreement defined herein, articulate and identify the facts and reasons, relied upon by the City of San Antonio, to include the following clause in the Collective Bargaining Agreement between the City of San Antonio, and the San Antonio Police Officers Association, approved by the City Council on November 13, 2003, that Stated:

**Article 19 (C).** Therefore, in the event of any successful officer(s) claims, by grievance or lawsuit, under the terms "regular rate of pay," "rate of pay," or "regular pay'" the Association agrees to share in the liability by special assessment and pay for such claims at the ratio of 50% Association, 50% City. To the extent that any such matters are asserted by suit, the Association shall provide and pay for cooperating joint defense counsel, or pay 50% of the City's cost of defense.

**ANSWER:**

> Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 21:** If you contend that the Plaintiffs claims in this lawsuit are subject to the Collective Bargaining Agreement defined herein, articulate and identify the facts and reasons, relied upon by the City of San Antonio, to include the following clause in the Collective Bargaining Agreement between the City of San Antonio, and the San Antonio Police Officers Association, approved by the City Council on November 13, 2003, that Stated:

**Article 13, Section 1 ©. FLSA 207k Partial Exemption.** The City and the Association agree, that under the federal Fair Labor Standards Act, the City is entitled to the 43-hour exemption from payment of FLSA statutory overtime compensation. This means that the City is not required by federal law to pay overtime to officers until after the officer has worked 43 hours in a workweek. Within the context of this Agreement however, the City shall continue to pay all contractual compensation in accordance with Article 8 Maintenance of Standards, and in accordance with Section B above, which is enforceable by the grievance procedure of this Agreement. However, the City retains the right under Article 7, Management Rights, to change any process, accounting procedure, forms, periods, or other aspects of accounting practices if it reasonably determines that such change is necessary to comply with state or federal overtime law. The City and the Association agree that the City shall not be obligated in any FLSA enforcement lawsuit to pay overtime until a 43-hour threshold is reached.

**ANSWER:**

> Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 22:** If the Defendant contends that Plaintiff incorrectly estimated the number of hours per year Plaintiff worked for the San Antonio Police Department for any unpaid time working after the end of his/her shift, said estimate contained in Plaintiff's response to Defendant Interrogatory number "3", identify and articulate what you contend to be a correct estimate, by year.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 14 of 29

**ANSWER:**

> Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

**INTERROGATORY NO. 23:** Identify each incident that the City of San Antonio failed to correctly calculate a San Antonio Police Officers rate of pay, since January 1, 1999, that resulted in the Police Officer receiving either a cash payment, compensatory time, or both, that has a value of over $1,000.00 dollars.

**ANSWER:**

> Defendant objects to this request because Plaintiff's Interrogatory requests exceed the twenty-five (25) that is permitted under Federal Rule of Civil Procedure 33(a).

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 15 of 29

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE BE ADVISED THAT THE FOLLOWING REQUESTS FOR PRODUCTION DO NOT SEEK DOCUMENTS EXEMPT FROM DISCOVERY UNDER THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGES.**

**REQUEST FOR PRODUCTION NO. 1:** Provide each and every document that Defendant claims supports its claim that this Plaintiff is not entitled to the recovery of attorneys' fees as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

 None.

**REQUEST FOR PRODUCTION NO. 2:** Provide each and every document that Defendant claims supports its affirmative defense that "the City avers that its actions [concerning this Plaintiff] were taken in good faith" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

 See the pay and time data, the Off Duty Employment SOPs, the Patrol SOP excerpts, the General Manual Excerpts, Excerpts from the Rules and Regulations, Excerpts from the Communications SOP, City of San Antonio Pay Plan excerpts, and each Collective Bargaining Agreement between the San Antonio Police Officers' Association in effect at any time relevant to Plaintiffs' claims, and all other documents produced by Defendant, namely documents a. b. c. d. e. f. g. h. i. k. p. and s.

**REQUEST FOR PRODUCTION NO. 3:** Provide each and every document that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

 See documents listed in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 4:** Provide each and every document that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s /10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 16 of 29

**RESPONSE:**

Please see each Collective Bargaining Agreement between the San Antonio Police Officers' Association (document g.) in effect at any time relevant to Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 5:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe... Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a.  For each week during the period of time covered by this Plaintiff's claims, all documents which show the precise amount of credit or offset that Defendant is claiming for this Plaintiff;

b.  For each week during the period of time covered by this Plaintiff's claims, all documents which show how Defendant calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff;

c.  For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming for this Plaintiff;

d.  For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming for this Plaintiff; and,

e.  For each week during the period of time covered by this Plaintiff's claims, all documents which show precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff.

**RESPONSE:**

OBJECTION to Request for Production No. 5: Defendant is entitled to offset payments to Plaintiff against Defendant's FLSA overtime pay liability only in circumstances where the Plaintiff has established Plaintiff's entitlement to FLSA overtime. However, Plaintiff has failed to identify--with any degree of resolution greater than "annual estimates"--those weeks in which Plaintiff was owed FLSA overtime. Thus, Plaintiff has deprived Defendant of the ability to respond to this request as it is presently phrased. Under the two Collective Bargaining Agreements (document g.) at issue in this matter, Defendant paid Plaintiff at premium rates whenever Plaintiff worked off-duty court time, call-back time, standby, other overtime, premium holiday time, or any other time for which Plaintiff was paid at a rate exceeding Plaintiff's regular rate.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 17 of 29

5.a. Subject to the preceding objection, please see Plaintiff's payroll and time data and shift rosters previously produced in this matter. See documents a. .b. d. e. and g.

5.b. Subject to the preceding objection, none.

5.c. Subject to the preceding objection, please see Plaintiff's payroll and time data and shift rosters previously produced in this matter. See documents a. .b. d. e. g and j.

5.d. Subject to the preceding objection, none.

5.e. OBJECTION that this request duplicates in substance and scope Request 5.b. Subject to this and the preceding objection, none.

**REQUEST FOR PRODUCTION NO. 6**: With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims, all documents which show what Defendant contends the "applicable overtime threshold" to be;

b. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" , all documents which show the exact amount of time Defendant claims was actually worked by this Plaintiff during that week;

c. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" , all documents which show the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

d. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week; and,

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 18 of 29

f. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not actually worked by this Plaintiff during that week.

**RESPONSE:**

OBJECTION to Request for Production No. 6: This is not an affirmative defense; it is a statement of the applicable law.

6.a. Subject to the preceding objection: See the Collective Bargaining Agreements effective at any time applicable to Plaintiff's claims, the Patrol SOP, and the General Manual Excerpts previously produced by Defendant as documents g. h. and k.

6.b. See the Plaintiff's payroll and time data and shift rosters previously produced in this matter as documents a. b. c. d. and e., and Plaintiff's deposition transcript.

6.c. See the Plaintiff's payroll and time data, pay sheets, red books, time cards, and shift rosters previously produced as documents a. b. c. d. e. and g., the applicable Collective Bargaining Agreements. Defendant has no documents that itemize each hour paid but not worked.

6.d. None.

6.e. See answer to request 6(b).

6.f. See the Plaintiff's payroll and time data, pay sheets, red books, time cards, and shift rosters previously produced in this matter, the applicable Collective Bargaining Agreements, produced as documents a. b. c. d. e. and g.

**REQUEST FOR PRODUCTION NO. 7**: With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "the Plaintiffs were voluntarily engaged in outside employment, for a separate employer, and the time spent in such off-duty activities is not chargeable against the City", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

See Plaintiff's deposition transcript, ODEU SOPs, ODEU time and pay records, ODEU vendor invoices, Collective Bargaining Agreement, City of San Antonio

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s /10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 19 of 29

Charter, previously produced as documents a. d. e. g. i. p. and q., all equally available to Plaintiff as to Defendant.

**REQUEST FOR PRODUCTION NO. 8:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "Plaintiffs were routinely relieved from duty without such time being charged against their leave banks or otherwise", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. All documents which show each week (by year, month and date) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, all documents which show the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise";

**RESPONSE:**

8.a. Collective Bargaining Agreement, Patrol SOP extracts, Communications SOP extracts, Plaintiff's deposition transcript, and pay and time data, produced to the Plaintiff as documents a. b. c. d. e. g. k. and r., all equally available to Plaintiff as to the Defendant.

8.b. See response to Request for Production 8.a.

**REQUEST FOR PRODUCTION NO. 9:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City denies that it was engaged in commerce, as defined in the Fair Labor Standards Act, with respect to the services provided by Plaintiffs", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 10:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine of unjust enrichment", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests For Admission
s./10309 2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 20 of 29

a. All documents showing the amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, all documents showing the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**RESPONSE:**

10.a. Plaintiff has not identified any specific week where hours worked exceeded (or did not exceed) the applicable overtime threshold thereby entitling Plaintiff to overtime compensation under the FLSA. As Defendant pleaded this entitlement as an equitable offset against potential FLSA overtime liability, and its continued presence as a cause of action in the federal court appears foreclosed by the Court's December 3, 2003, Order of Remand. Defendant is unable to respond to this request until Plaintiff specifies each payment (in dollars and cents) of unpaid overtime wages he or she is allegedly owed.

10.b. See answer to Request 10.a.

**REQUEST FOR PRODUCTION NO. 11:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "As applied to the City, the Fair Labor Standards Act is unconstitutional", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 12:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "Congress does not have the power under the Commerce Clause or any other authority in the United States Constitution to regulate the manner in which a local governmental entity pays its police officers, because those officers perform solely local functions, and their actions do not substantially affect interstate commerce", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 13:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City avers that it has

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 21 of 29

in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**RESPONSE:**

> Defendant objects because Plaintiff attempts to elicit a "state[ment of] each and every reason." A request for production cannot be used for this purpose. Subject to the preceding objection, see the Collective Bargaining Agreements (document g.) governing Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff specifically provide the following:

a. All documents which show which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. All documents which show how the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. All documents which show how the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All documents which show all facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**RESPONSE:**

> 6.a.-d. See Patrol SOP excerpts, the Collective Bargaining Agreement, and the City of San Antonio Pay Plan excerpts, produced as documents g. k. and s., all equally available to Plaintiff as to Defendant. Your contention that the Plaintiff is paid "hourly compensation" is false.

**REQUEST FOR PRODUCTION NO. 15:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 22 of 29

established by the FLSA", as alleged in Defendant's Second Amended Answer and specifically provide:

    a.  All documents which show how many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

    b.  All documents which show when (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

    c.  All documents which show what type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**RESPONSE:**

    15.a.-c. Defendant has no records of the hours, if any, Plaintiff devoted to state-mandated training, and Plaintiff did not report any.  See the Training Academy and TLCEOSE documents produced by Defendant (documents l. and m.), and Plaintiff's Interrogatory Answers.

**REQUEST FOR PRODUCTION NO. 16:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and specifically provide:

    a.  All documents which show when (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

    b.  All documents which show for each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**RESPONSE:**

    16.a. See:
        in response to Request for Production 16.a.1., shift rosters, and pay sheets
          (documents b. and c.);
        in response to Request for Production 16.a.2., records of Plaintiff's special
          assignments through the Off Duty Employment Unit, Plaintiff's pay and

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 23 of 29

time data, ODEU vendor invoices (documents a. d. e. p. and q.) all of
which have been produced;
in response to Request for Production 16.a.3., none.

16.b. See:
in response to Request for Production 16.b.1., shift rosters, and pay sheets
(documents b. and c.);
in response to Request for Production 16.b.2., records of Plaintiff's special
assignments through the Off Duty Employment Unit, Plaintiff's pay and
time data, ODEU vendor invoices (documents a. d. e. p. and q.);
in response to Request for Production 16.b.3., none.

**REQUEST FOR PRODUCTION NO. 17:** With regard to this Plaintiff, provide each and every
document that Defendant claims supports its affirmative defense that "the Plaintiffs have failed
to mitigate their damages", as alleged in Defendant's Second Amended Answer and provide
specifically:

a.   All documents which show the precise amount of damages (in dollars and cents) that
Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this
case; and

b.   All documents which show what it is that Defendant is claiming this Plaintiff should have
done to mitigate his/her damages in this case.

**RESPONSE:**

17.a. See Plaintiff's Answers to Interrogatories, deposition transcript, and the
Collective Bargaining Agreement (document g.).

17.b. See Plaintiff's active pleading and each prior pleading.

**REQUEST FOR PRODUCTION NO. 18:** With regard to this Plaintiff, provide each and every
document that Defendant claims supports its affirmative defense of "governmental immunity"
as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

The claims to which governmental immunity might apply were disposed of by the
Court's December 3, 2003, Order of Remand.  Defendant therefore objects to this
request as seeking irrelevant information.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 24 of 29

**REQUEST FOR PRODUCTION NO. 19:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

See the time and payroll data provided to Plaintiff as documents a., d., and e.

**REQUEST FOR PRODUCTION NO. 20:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "ambiguity of contract" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

Please see each Collective Bargaining Agreement in effect during the time period relevant to Plaintiff's claims, provided to Plaintiff as document g.

**REQUEST FOR PRODUCTION NO. 21:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "waiver" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

See Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 22:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

See objections and responses to Requests for Production Nos. 5 and 6.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s /10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 25 of 29

## RESPONSES TO REQUESTS FOR ADMISSION

**ADMISSION NO. 1:**  Admit that, for the time period Plaintiff has asserted overtime claims, Plaintiff is an individual covered by the Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

**RESPONSE:**

> Admitted, with the understanding that various exemptions or partial exemptions identified by the Act may apply.

**ADMISSION NO. 2:**  Admit that the SAPD employed Plaintiff as an Officer/employee as defined in Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code for the claim period.

**RESPONSE:**

> Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 3:**  Admit claim period Plaintiff has asserted overtime claims, he/she was a member of a protected class under Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

**RESPONSE:**

> Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 4:**  Admit that the Plaintiff was employed as a Police Officer at SAPD during the claim period.

**RESPONSE:**

> Admitted.

**ADMISSION NO. 5:**  Admit that the Plaintiff was classified by the SAPD as a "non-exempt" employee for the purpose of computing and calculating overtime pursuant to the Fair Labor Standards Act ("FLSA") during the claim period.

**RESPONSE:**

> Denied as to Plaintiffs Michael Despres, James Prendergast, Ted Prosser, Wayne Shoquist and Gregory Young, and admitted as to the remaining Plaintiffs.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 26 of 29

**ADMISSION NO. 6:**  Admit that the SAPD has not paid Plaintiff regular overtime pay for time spent by Plaintiff during the claim period.

**RESPONSE:**

Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 7:**  Admit that the SAPD does not contend Plaintiff is an FLSA "exempt" employee for the purpose of calculating overtime claimed by Plaintiff during the claim period.

**RESPONSE:**

Admit for those Plaintiffs who are **not** Sergeants or Lieutenants.

**ADMISSION NO. 8:**  Admit that the Plaintiff asserted claims for overtime wages during the claim period are covered <u>exclusively</u> by the *FLSA*.

**RESPONSE:**

Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 9:**  Admit Plaintiff is not classified by the SAPD as an employee exempt from the FLSA pursuant to 29 U.S.C. § 215 (a)(1).

**RESPONSE:**

Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 10:**  Admit that the Plaintiff does not have to follow or abide by the administrative procedures contained in the Collective Bargaining Agreement to assert Plaintiff's FLSA claims in this lawsuit.

**RESPONSE:**

Admitted.

**ADMISSION NO. 11:**  Admit that the Plaintiff asserted unpaid overtime claims, were not for the performance of administrative or professional duties as defined and described in 551.206 and 551.207 of 5 Code of Federal Regulations.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309.2/Defendant COSA's Answers to discovery 11-2-05 doc

Page 27 of 29

**RESPONSE:**

    Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 12:** Admit that the SAPD has not designated Plaintiff as FLSA exempt because none of the he meets one or more of the exemption criteria in part 551 of Title 5, Code of Federal Regulations.

**RESPONSE:**

    Defendant objects that this Request is vague, ambiguous, and incapable of an answer.

**ADMISSION NO. 13:** Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22, job-issued weapons, off-duty.

**RESPONSE:**

    Admitted.

**ADMISSION NO. 14:** Admit that the SAPD did not officially assign the Plaintiff to practice his proficiency on his Glock-22 weapon.

**RESPONSE:**

    Admitted.

**ADMISSION NO. 15:** Admit that the SAPD did not pay Plaintiff an overtime rate of 1.5 times the hourly base rate for overtime work done through the SAPD Off-Duty Office.

**RESPONSE:**

    Admitted.

**ADMISSION NO. 16:** Admit that the SAPD did not pay Plaintiff any wages for the time spent maintaining or cleaning Plaintiffs' service weapons at home or off-duty.

**RESPONSE:**

    Admitted.

**ADMISSION NO. 17:** Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22 weapons at home or off-duty.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s./10309.2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 28 of 29

**RESPONSE:**

     Admitted.

**ADMISSION NO. 18:** Admit that the SAPD did not officially assign Plaintiff to practice with his Glock-22 weapons at a range, off duty, to maintain Plaintiff's proficiency.

**RESPONSE:**

     Admitted.

Defendant City of San Antonio's Answers To Plaintiffs'
Interrogatories, Requests For Production, and Requests for Admission
s:/10309 2/Defendant COSA's Answers to discovery 11-2-05.doc

Page 29 of 29

## VERIFICATION

STATE OF TEXAS      §
                            §

COUNTY OF BEXAR      §

       BEFORE ME, the undersigned authority, on this day personally appeared Tyrone Powers, Assistant Chief of Police, City of San Antonio Police Department, known to me or proven by documentation to be the person whose name is subscribed to the foregoing instrument, who, after being duly sworn and deposed, says that the above and foregoing Responses to Interrogatories are true and correct to the best of his information and belief.

                            CITY OF SAN ANTONIO

                            By: _____
                                 (Signature)

                            Tyrone Powers, Assistant Chief of Police,
                            City of San Antonio Police Department

       SUBSCRIBED AND SWORN TO BEFORE ME on this 2nd day of November, 2005, to certify which witness my hand and seal of office.



                         Notary Public in and for the
                         State of Texas

> PATRICIA A. BORREGO
> MY COMMISSION EXPIRES
> JANUARY 14, 2007

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JACKSON and STEVE CHRISTIAN, et al., | § § § | |
| Plaintiffs, | § § | Cause No. SA-03-CA-049-WRF |
| v. | § § | |
| THE CITY OF SAN ANTONIO, | § § | |
| Defendant | § | |

**INTERROGATORIES, REQUESTS FOR PRODUCTION , AND REQUESTS FOR ADMISSION, OF PLAINTIFF BILL BANFIELD**

**TO:** The City of San Antonio, by and through its attorneys of record, Mark Kosanovic and Shawn Fitzpatrick, FITZPATRICK & KOSANOVICH, P.C., (Lead Trial Counsel) PO Box 831121, San Antonio, Texas 78283-1121, Deborah Klein, Assistant City Attorney PO Box 839966, San Antonio, Texas 78283-9966, and Robert Bettac, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 2600 Weston Centre, 112 East Pecan Street, San Antonio, Texas 78205.

Pursuant to Rules 26, 33, 34 and 36 of The Federal Rules of Civil Procedure ("FRCP") Plaintiffs serve these Set of Interrogatories, Request for Admission, and Requests for Production of Documents ("Discovery Requests") upon you.

The answers to these Discovery Requests shall be made by an authorized representative of Defendant, separately and fully in writing under oath no later than thirty (30) days after service of such Discovery Requests and accordingly shall be served upon the undersigned counsel of record for Plaintiff at the offices of Mark Louis Greenwald. Plaintiff also requires you to continue to supplement your answers to these Discovery Requests pursuant to FRCP 26.

Respectfully submitted,

| | | |
|---|---|---|
| Mark Louis Greenwald | David L. Kern | Rebecca L. Fisher |
| **Tinsman, Scott & Sciano** | **KERN & KALMAN PLLC** | Texas Bar No. 00790687 |
| Riverwalk Place, 14th Floor | 701 N. St. Vrain St. | **REBECCA L. FISHER &** |
| San Antonio, Texas 78205 | El Paso, TX. 79902 | **ASSOCIATES** |
| Phone (210) 225-3121 | Phone (915) 542-1983 | P. O. Box 417 |
| Fax (210) 228-6235 | Fax (915) 534-7207 | McGregor, TX. 76657 |
| | | Phone (254) 840-0220 |
| By: | By: | Fax (254) 840-0219 |
| Mark Louis Greenwald | David L. Kern | |
| TX Bar No. 08403750 | TX Bar No. 11334450 | |

## CERTIFICATE OF SERVICE

  I hereby certify that on this Friday, September 30, 2005, a true and correct copy of the foregoing instrument was forwarded to opposing counsel below by the method indicated:

Mark Kosanovic        _____ Via Certified Mail / Return Receipt
Shawn Fitzpatrick       __xx__ Via Hand-Delivery
FITZPATRICK & KOSANOVICH, P.C.   _____ Via U.S. Regular Mail
PO Box 831121         _____ Via Facsimile (210) 207-8997
San Antonio, Texas 78283-1121    _____ Via Federal Express
(210) 207-2157
LEAD COUNSEL FOR DEFENDANT
Deborah Klein          _____ Via Certified Mail / Return Receipt
Assistant City Attorney      __xx__ Via Hand-Delivery
PO Box 839966         _____ Via U.S. Regular Mail
San Antonio, Texas 78283-9966    _____ Via Facsimile (210) 207-4357
(210) 207-8950          _____ Via Federal Express
AND
Robert Bettac
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205

_____
**MARK LOUIS GREENWALD**

## Definitions and Instructions

**Plaintiff refers to, and incorporates by reference the definitions and instructions contained in The Local Rules of the Western District of Texas, Rules CV-26, CV-33, and CV-36.**

1. *FLSA or Act* (the Fair Labor Standards Act of 1938, as amended, section s 201 *et seq.* of title 29, United States Code) is a law which sets minimum standards for both wages and overtime entitlement. Included in the Act are provisions related to child labor, equal pay, and portal-to-portal activities.

2. *Claim* means a written allegation from a current or former employee concerning his or her FLSA exemption status or entitlement to minimum wage or overtime pay for work performed under the Act.

3. *Claim period* means the time during which the cause or basis of the claim asserted by Plaintiffs occurred.

4. *Exemption status* means an employee's designation by the employing agency as either FLSA exempt or FLSA nonexempt from the minimum wage and overtime provisions of the Act.

5. *Exempt* means **not covered** by the minimum wage and overtime provisions of the Act.

6. *Nonexempt* means **covered** by the minimum wage and overtime provisions of the FLSA.

7. *Covered* means controlled or limited by a specific statute of law.

8. *Plaintiffs* means all Plaintiffs asserting claims in the above-styled cause of action.

9. *Willful violation* means a violation in circumstances where the agency knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act.

10. *Officer* means San Antonio Police Department Officer.

11. *SAPD* means San Antonio Police Department.

12. *Plaintiff* means BILL BANFIELD, named Plaintiff in this lawsuit.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to this Plaintiff, identify and articulate each fact that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe… Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer including but not limited to the following:

    a. For each week during the period of time covered by this Plaintiff's claims identify and articulate the precise amount of credit or offset that Defendant is claiming;

    b. For each week during the period of time covered by this Plaintiff's claims identify and articulate how Defendant calculated the amounts of credit or offset that Defendant is claiming;

    c. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming;

    d. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming; and,

    e. For each week during the period of time covered by this Plaintiff's identify and articulate precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming.

**ANSWER:**


**INTERROGATORY NO. 2:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer including but not limited to the following:

    a. For each week during the period of time covered by this Plaintiff's claims identify and articulate what Defendant contends the "applicable overtime threshold" to be;

    b. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the exact amount of time Defendant claims was actually worked by this Plaintiff during that week;

    c. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and

articulate the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

d. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week; and,

f. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not actually worked by this Plaintiff during that week.

**INTERROGATORY NO. 3:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 4:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "Plaintiffs were routinely relieved from duty without such time being charged against their leave banks or otherwise", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. Each week (by year, month and date) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise";

**ANSWER:**

**INTERROGATORY NO. 5:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine of unjust enrichment", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. The amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 6:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City avers that some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff state specifically:

a. Which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. How the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. How the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify and articulate every fact that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 8:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

   a. When (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

   b. For each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**ANSWER:**


**INTERROGATORY NO. 9:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The Plaintiffs were voluntarily engaged in outside employment, for a separate employer, and the time spent in such off-duty activities is not chargeable against the City", as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 10:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The City avers that it has in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**ANSWER:**


**INTERROGATORY NO. 11:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the Plaintiffs have failed to mitigate their damages", as alleged in Defendant's Second Amended Answer and state specifically:

   a. The precise amount of damages (in dollars and cents) that Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this case; and

b. What it is that Defendant is claiming this Plaintiff should have done to mitigate his/her damages in this case.

**ANSWER:**


**INTERROGATORY NO. 12:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 13:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City avers that its actions were taken in good faith" as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 14:** If the Defendant contends that this Plaintiffs, who has been designated as a Representative Plaintiff, is not qualified, and/or is not truly Representative of the class as a whole, identify and articulate each and every fact that Defendant claims supports its position.

**ANSWER:**


**INTERROGATORY NO. 15** If the Defendant contends that this case should not continue as a collective action, and contends the case should be decertified as a collective action, identify and articulate each and every fact that Defendant claims supports its position.

**ANSWER:**


**INTERROGATORY NO. 16:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold

established by the FLSA", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. How many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

b. When (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

c. What type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 17:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "governmental immunity" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 18:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE BE ADVISED THAT THE FOLLOWING REQUESTS FOR PRODUCTION DO NOT SEEK DOCUMENTS EXEMPT FROM DISCOVERY UNDER THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGES.**

**REQUEST FOR PRODUCTION NO. 1**: Provide each and every document that Defendant claims supports its claim that this Plaintiff is not entitled to the recovery of attorneys' fees as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Provide each and every document that Defendant claims supports its affirmative defense that "the City avers that its actions [concerning this Plaintiff] were taken in good faith" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Provide each and every document that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Provide each and every document that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe... Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims, all documents which show the precise amount of credit or offset that Defendant is claiming for this Plaintiff;

b. For each week during the period of time covered by this Plaintiff's claims, all documents which show how Defendant calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff;

c. For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming for this Plaintiff;

d. For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming for this Plaintiff; and,

e. For each week during the period of time covered by this Plaintiff's claims, all documents which show precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**: With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims, all documents which show what Defendant contends the "applicable overtime threshold" to be;

b. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold", all documents which show the exact amount of time Defendant claims was actually worked by this Plaintiff during that week;

c. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold", all documents which show the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

d. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents

which Defendant has consulted, used, or relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week; and,

f. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not actually worked by this Plaintiff during that week.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "the Plaintiffs were voluntarily engaged in outside employment, for a separate employer, and the time spent in such off-duty activities is not chargeable against the City", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "Plaintiffs were routinely relieved from duty without such time being charged against their leave banks or otherwise", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. All documents which show each week (by year, month and date) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, all documents which show the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise";

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City denies that it was engaged in commerce, as defined in the Fair Labor Standards Act, with respect to the services provided by Plaintiffs", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine of unjust enrichment", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. All documents showing the amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, all documents showing the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "As applied to the City, the Fair Labor Standards Act is unconstitutional", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "Congress does not have the power under the Commerce Clause or any other authority in the United States Constitution to regulate the manner in which a local governmental entity pays its police officers, because those officers perform solely local functions, and their actions do not substantially affect interstate commerce", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City avers that it has in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff specifically provide the following:

a. All documents which show which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. All documents which show how the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. All documents which show how the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All documents which show all facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold established by the FLSA", as alleged in Defendant's Second Amended Answer and specifically provide:

a. All documents which show how many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

b. All documents which show when (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

c. All documents which show what type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and specifically provide:

a. All documents which show when (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

b. All documents which show for each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "the Plaintiffs have failed to mitigate their damages", as alleged in Defendant's Second Amended Answer and provide specifically:

a. All documents which show the precise amount of damages (in dollars and cents) that Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this case; and

b. All documents which show what it is that Defendant is claiming this Plaintiff should have done to mitigate his/her damages in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "governmental immunity" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "ambiguity of contract" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "waiver" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

## REQUESTS FOR ADMISSION

ADMISSION NO. 1:  Admit that, for the time period Plaintiff has asserted overtime claims, Plaintiff is an individual covered by the Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

RESPONSE:

ADMISSION NO. 2:  Admit that the SAPD employed Plaintiff as an Officer/employee as defined in Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code for the claim period.

RESPONSE:

ADMISSION NO. 3:  Admit claim period Plaintiff has asserted overtime claims, he/she was a member of a protected class under Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

RESPONSE:

ADMISSION NO. 4:  Admit that the Plaintiff was employed as a Police Officer at SAPD during the claim period.

RESPONSE:

ADMISSION NO. 5:  Admit that the Plaintiff was classified by the SAPD as a "non-exempt" employee for the purpose of computing and calculating overtime pursuant to the Fair Labor Standards Act ("FLSA") during the claim period.

RESPONSE:

ADMISSION NO. 6:  Admit that the SAPD has not paid Plaintiff regular overtime pay for time spent by Plaintiff during the claim period.

RESPONSE:

ADMISSION NO. 7:  Admit that the SAPD does not contend Plaintiff is an FLSA "exempt" employee for the purpose of calculating overtime claimed by Plaintiff during the claim period.

RESPONSE:


ADMISSION NO. 8:  Admit that the Plaintiff asserted claims for overtime wages during the claim period are covered exclusively by the *FLSA*.

RESPONSE:


ADMISSION NO. 9:  Admit Plaintiff is not classified by the SAPD as an employee exempt from the FLSA pursuant to 29 U.S.C. § 215 (a)(1).

RESPONSE:


ADMISSION NO. 10:  Admit that the Plaintiff does not have to follow or abide by the administrative procedures contained in the Collective Bargaining Agreement to assert Plaintiff's FLSA claims in this lawsuit.

RESPONSE:


ADMISSION NO. 11:  Admit that the Plaintiff asserted unpaid overtime claims, were not for the performance of administrative or professional duties as defined and described in 551.206 and 551.207 of 5 Code of Federal Regulations.

RESPONSE:


ADMISSION NO. 12:  Admit that the SAPD has not designated Plaintiff as FLSA exempt because none of the he meets one or more of the exemption criteria in part 551 of Title 5, Code of Federal Regulations.

RESPONSE:


ADMISSION NO. 13:  Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22, job-issued weapons, off-duty.

RESPONSE:
ADMISSION NO. 14:  Admit that the SAPD did not officially assign the Plaintiff to practice his proficiency on his Glock-22 weapon.

RESPONSE:


ADMISSION NO. 15:  Admit that the SAPD did not pay Plaintiff an overtime rate of 1.5 times the hourly base rate for overtime work done through the SAPD Off-Duty Office.

RESPONSE:


ADMISSION NO. 16:  Admit that the SAPD did not pay Plaintiff any wages for the time spent maintaining or cleaning Plaintiffs' service weapons at home or off-duty.

RESPONSE:


ADMISSION NO. 17:  Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22 weapons at home or off-duty.

RESPONSE:


ADMISSION NO. 18:  Admit that the SAPD did not officially assign Plaintiff to practice with his Glock-22 weapons at a range, off duty, to maintain Plaintiff's proficiency.

RESPONSE:

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JACKSON and STEVE CHRISTIAN, et al., | § § § | |
| Plaintiffs, | § § | Cause No. SA-03-CA-049-WRF |
| v. | § § | |
| THE CITY OF SAN ANTONIO, | § § | |
| Defendant | § | |

# INTERROGATORIES, REQUESTS FOR PRODUCTION , AND REQUESTS FOR ADMISSION, OF PLAINTIFFS:

*KENNETH THULEEN, BRICE BRIETZKE, ANASTACIO HERNANDEZ, JOHN SHARP, WARREN TITUS, JUAN SILVA, JANELLEN VALLE, HEIDI HOFF, CYNTHIA FLORES, DENNIS CARTWRIGHT, RICHARD LONG, DAVID BEJAR, MICHAEL VILLANUEVA, FELIX OROSCO, MICHELE RAMOS, ALLAN NUSSBAUM, ROBERT MUNOZ, RAYFORD HADDON, WAYNE SHOQUIST, MICHAEL HEIM, MATTHEW JACKSON, JASON ROZACKY, GEORGE LOCKAMY, DARRELL PLEASANT, DANIEL ROBLES, TED PROSSER, STEPHANIE ALONZO, MARIA CADENA-MAY, JAY KRICK;* **all named individual Plaintiffs in the lawsuit, designated by Defendants as Discovery Plaintiffs, subject to discovery as per the Orders of the Court.**

**TO:** *The City of San Antonio*, by and through its attorneys of record, Mark Kosanovic and Shawn Fitzpatrick, *FITZPATRICK & KOSANOVICH, P.C.*, (Lead Trial Counsel) PO Box 831121, San Antonio, Texas 78283-1121, Deborah Klein, *Assistant City Attorney* PO Box 839966, San Antonio, Texas 78283-9966, and Robert Bettac, *OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.*, 2600 Weston Centre, 112 East Pecan Street, San Antonio, Texas 78205.

      Pursuant to Rules 26, 33, 34 and 36 of The Federal Rules of Civil Procedure ("FRCP") Plaintiffs serve these Set of Interrogatories, Request for Admission, and Requests for Production of Documents ("Discovery Requests") upon you. For each individual Plaintiff named, this set of discovery is identical for each individual Plaintiff listed and defined herein as a Plaintiff. Defendant will be provided with the electronic media containing the text of the discovery via e-mail, in Microsoft Word or Wordperfect format, in order to facilitate the response, and to eliminate unnecessary work and waste of paper. Also, if the Defendant so requests, Defendant shall be immediately provided with 28 additional identical copies of this set of discovery.

      The answers to these Discovery Requests shall be made by an authorized representative of Defendant, separately and fully in writing under oath no later than thirty (30) days after

service of such Discovery Requests and accordingly shall be served upon the undersigned counsel of record for Plaintiff at the offices of Mark Louis Greenwald. Plaintiff also requires you to continue to supplement your answers to these Discovery Requests pursuant to FRCP 26.

Respectfully submitted,

Mark Louis Greenwald
**Tinsman, Scott & Sciano**
Riverwalk Place, 14th Floor
San Antonio, Texas 78205
Phone (210) 225-3121
Fax (210) 225-6235

**By:**
Mark Louis Greenwald
TX Bar No. 08403750

David L. Kern
**KERN & KALMAN PLLC**
701 N. St. Vrain St.
El Paso, TX. 79902
Phone (915) 542-1983
Fax (915) 534-7207
David L. Kern
TX Bar No. 11334450

Rebecca L. Fisher
Texas Bar No. 00790687
**REBECCA L. FISHER & ASSOCIATES**
P. O. Box 417
McGregor, TX. 76657
Phone (254) 840-0220
Fax (254) 840-0219

## CERTIFICATE OF SERVICE

I hereby certify that on this Friday, September 30, 2005, a true and correct copy of the foregoing instrument was forwarded to opposing counsel below by the method indicated:

Mark Kosanovic                          _____  Via Certified Mail / Return Receipt
Shawn Fitzpatrick                       __xx__ Via Hand-Delivery
FITZPATRICK & KOSANOVICH, P.C.          _____  Via U.S. Regular Mail
PO Box 831121                           _____  Via Facsimile (210) 207-8997
San Antonio, Texas 78283-1121           _____  Via Federal Express
(210) 207-2157
LEAD COUNSEL FOR DEFENDANT
Deborah Klein                           _____  Via Certified Mail / Return Receipt
Assistant City Attorney                 __xx__ Via Hand-Delivery
PO Box 839966                           _____  Via U.S. Regular Mail
San Antonio, Texas 78283-9966           _____  Via Facsimile (210) 207-4357
(210) 207-8950                          _____  Via Federal Express
AND
Robert Bettac
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
2600 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205

_____
MARK LOÚIS GREENWALD

## Definitions and Instructions

**Plaintiff refers to, and incorporates by reference the definitions and instructions contained in The Local Rules of the Western District of Texas, Rules CV-26, CV-33, and CV-36.**

1. *FLSA or Act* (the Fair Labor Standards Act of 1938, as amended, section s 201 *et seq.* of title 29, United States Code) is a law which sets minimum standards for both wages and overtime entitlement. Included in the Act are provisions related to child labor, equal pay, and portal-to-portal activities.

2. *Claim* means a written allegation from a current or former employee concerning his or her FLSA exemption status or entitlement to minimum wage or overtime pay for work performed under the Act.

3. *Claim period* means the time during which the cause or basis of the claim asserted by Plaintiffs occurred.

4. *Exemption status* means an employee's designation by the employing agency as either FLSA exempt or FLSA nonexempt from the minimum wage and overtime provisions of the Act.

5. *Exempt* means **not covered** by the minimum wage and overtime provisions of the Act.

6. *Nonexempt* means **covered** by the minimum wage and overtime provisions of the FLSA.

7. *Covered* means controlled or limited by a specific statute of law.

8. *Plaintiffs* means all Plaintiffs asserting claims in the above-styled cause of action.

9. *Willful violation* means a violation in circumstances where the agency knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act.

10. *Officer* means San Antonio Police Department Officer.

11. *SAPD* means San Antonio Police Department.

12. *Plaintiff* means:
KENNETH THULEEN, BRICE BRIETZKE, ANASTACIO HERNANDEZ, JOHN SHARP, WARREN TITUS, JUAN SILVA, JANELLEN VALLE, HEIDI HOFF, CYNTHIA FLORES, DENNIS CARTWRIGHT, RICHARD LONG, DAVID BEJAR, MICHAEL VILLANUEVA, FELIX OROSCO, MICHELE RAMOS, ALLAN NUSSBAUM, ROBERT MUNOZ, RAYFORD HADDON, WAYNE SHOQUIST, MICHAEL HEIM, MATTHEW JACKSON, JASON ROZACKY, GEORGE LOCKAMY, DARRELL PLEASANT, DANIEL ROBLES, TED PROSSER, STEPHANIE ALONZO, MARIA CADENA-MAY, JAY KRICK, all named individual Plaintiffs in the lawsuit, designated by Defendants as Discovery Plaintiffs, subject to discovery as per the Orders of the Court.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to this Plaintiff, identify and articulate each fact that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe… Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims identify and articulate the precise amount of credit or offset that Defendant is claiming;

b. For each week during the period of time covered by this Plaintiff's claims identify and articulate how Defendant calculated the amounts of credit or offset that Defendant is claiming;

c. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming;

d. For each week during the period of time covered by this Plaintiff's claims identify and articulate the documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming; and,

e. For each week during the period of time covered by this Plaintiff's identify and articulate precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming.

**ANSWER:**

**INTERROGATORY NO. 2:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims identify and articulate what Defendant contends the "applicable overtime threshold" to be;

b. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the exact amount of time Defendant claims was actually worked by this Plaintiff during that week;

c. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

d. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate the documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week; and,

f. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" identify and articulate all the documents which Defendant has consulted, used, or relied upon to calculate the exact amount of compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not actually worked by this Plaintiff during that week.

**INTERROGATORY NO. 3:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 4:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "Plaintiffs were routinely relieved from duty without such time being charged against their leave banks or otherwise", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. Each week (by year, month and date) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was "relieved from duty without such time being charged against [his/her] leave banks or otherwise";

**ANSWER:**

**INTERROGATORY NO. 5:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine of unjust enrichment", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. The amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 6:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "The City avers that some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff state specifically:

a. Which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. How the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. How the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify and articulate every fact that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 8:** With regard to this Plaintiff, identify and articulate every fact that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

> a. When (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

> b. For each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**ANSWER:**


**INTERROGATORY NO. 9:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The Plaintiffs were voluntarily engaged in outside employment, for a separate employer, and the time spent in such off-duty activities is not chargeable against the City", as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 10:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "The City avers that it has in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**ANSWER:**


**INTERROGATORY NO. 11:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the Plaintiffs have failed to mitigate their damages", as alleged in Defendant's Second Amended Answer and state specifically:

a. The precise amount of damages (in dollars and cents) that Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this case; and

b. What it is that Defendant is claiming this Plaintiff should have done to mitigate his/her damages in this case.

**ANSWER:**


**INTERROGATORY NO. 12:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 13:** Identify and articulate each and every fact that Defendant claims supports its affirmative defense that "the City avers that its actions were taken in good faith" as alleged in Defendant's Second Amended Answer.

**ANSWER:**


**INTERROGATORY NO. 14:** If the Defendant contends that the Plaintiff was not truthful or honest in answering his/her interrogatories, identify and articulate each fact that you rely upon to make this contention and/or to impeach the Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 15:** If the Defendant contends that the Plaintiff violated any Policies, Rules, or Regulations of the San Antonio Police Department, in connection with his/her conduct in this case, identify and articulate each fact that you rely upon to make this contention

**ANSWER:**

**INTERROGATORY NO. 16:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold established by the FLSA", as alleged in Defendant's Second Amended Answer and identify and articulate specifically:

a. How many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

b. When (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

c. What type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 17:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "governmental immunity" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 18:** With regard to this Plaintiff, identify and articulate each and every fact that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**ANSWER:**

**INTERROGATORY NO. 19:** If the Defendant contends that Plaintiff incorrectly estimated the number of hours per year Plaintiff worked for the San Antonio Police Department/Off Duty Employment office, said estimate contained in Plaintiff's response to Defendant Interrogatory number "3", identify and articulate what you contend to be a correct estimate, by year.

**ANSWER:**

**INTERROGATORY NO. 20:** If you contend that the Plaintiffs claims in this lawsuit are subject to the Collective Bargaining Agreement defined herein, articulate and identify the facts and reasons, relied upon by the City of San Antonio, to include the following clause in the

Collective Bargaining Agreement between the City of San Antonio, and the San Antonio Police Officers Association, approved by the City Council on November 13, 2003, that Stated:

**Article 19 (C).** Therefore, in the event of any successful officer(s) claims, by grievance or lawsuit, under the terms "regular rate of pay," "rate of pay," or "regular pay'" the Association agrees to share in the liability by special assessment and pay for such claims at the ratio of 50% Association, 50% City. To the extent that any such matters are asserted by suit, the Association shall provide and pay for cooperating joint defense counsel, or pay 50% of the City's cost of defense.

**ANSWER:**


**INTERROGATORY NO. 21:** If you contend that the Plaintiffs claims in this lawsuit are subject to the Collective Bargaining Agreement defined herein, articulate and identify the facts and reasons, relied upon by the City of San Antonio, to include the following clause in the Collective Bargaining Agreement between the City of San Antonio, and the San Antonio Police Officers Association, approved by the City Council on November 13, 2003, that Stated:

**Article 13, Section 1 ©. FLSA 207k Partial Exemption.** The City and the Association agree, that under the federal Fair Labor Standards Act, the City is entitled to the 43-hour exemption from payment of FLSA statutory overtime compensation. This means that the City is not required by federal law to pay overtime to officers until after the officer has worked 43 hours in a workweek. Within the context of this Agreement however, the City shall continue to pay all contractual compensation in accordance with Article 8 Maintenance of Standards. and in accordance with Section B above, which is enforceable by the grievance procedure of this Agreement. However, the City retains the right under Article 7, Management Rights, to change any process, accounting procedure, forms, periods, or other aspects of accounting practices if it reasonably determines that such change is necessary to comply with state or federal overtime law. The City and the Association agree that the City shall not be obligated in any FLSA enforcement lawsuit to pay overtime until a 43-hour threshold is reached.

**ANSWER:**


**INTERROGATORY NO. 22:** If the Defendant contends that Plaintiff incorrectly estimated the number of hours per year Plaintiff worked for the San Antonio Police Department for any unpaid time working after the end of his/her shift, said estimate contained in Plaintiff's response to Defendant Interrogatory number "3", identify and articulate what you contend to be a correct estimate, by year.

**ANSWER:**


**INTERROGATORY NO. 23:** Identify each incident that the City of San Antonio failed to correctly calculate a San Antonio Police Officers rate of pay, since January 1, 1999, that resulted in the Police Officer receiving either a cash payment, compensatory time, or both, that has a value of over $1,000.00 dollars.
**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE BE ADVISED THAT THE FOLLOWING REQUESTS FOR PRODUCTION DO NOT SEEK DOCUMENTS EXEMPT FROM DISCOVERY UNDER THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGES.**

**REQUEST FOR PRODUCTION NO. 1:** Provide each and every document that Defendant claims supports its claim that this Plaintiff is not entitled to the recovery of attorneys' fees as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Provide each and every document that Defendant claims supports its affirmative defense that "the City avers that its actions [concerning this Plaintiff] were taken in good faith" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Provide each and every document that Defendant claims supports its affirmative defense that "the City had reasonable grounds to believe that it was in compliance with the requirements of the FLSA" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Provide each and every document that Defendant claims supports its affirmative defense that it "is entitled to the enhanced overtime threshold set forth in 29 U.S.C. § 207(k)" concerning this Plaintiff as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "its right to credit or offset against any amount it may be deemed to owe… Plaintiff under the FLSA", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

> a. For each week during the period of time covered by this Plaintiff's claims, all documents which show the precise amount of credit or offset that Defendant is claiming for this Plaintiff;

b. For each week during the period of time covered by this Plaintiff's claims, all documents which show how Defendant calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff;

c. For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon as the sources of the amounts of credit or offset that Defendant is claiming for this Plaintiff;

d. For each week during the period of time covered by this Plaintiff's claims, all documents which Defendant has relied upon to calculate the amounts of credit or offset that Defendant is claiming for this Plaintiff; and,

e. For each week during the period of time covered by this Plaintiff's claims, all documents which show precisely how Defendant has calculated the amounts of credit or offset that Defendant is claiming for this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**: With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "it is obligated to pay overtime only in situations in which a Plaintiff actually exceeds the applicable overtime threshold for any given pay period", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. For each week during the period of time covered by this Plaintiff's claims, all documents which show what Defendant contends the "applicable overtime threshold" to be;

b. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold", all documents which show the exact amount of time Defendant claims was actually worked by this Plaintiff during that week;

c. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold", all documents which show the exact amount of compensation paid to this Plaintiff for time Defendant claims was not actually worked by this Plaintiff during that week;

d. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all documents which Defendant has relied upon to calculate the exact amount of time that Defendant is claiming was actually worked by this Plaintiff during that week;

e. For each week during the period of time covered by this Plaintiff's claims during which the Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents

which Defendant has consulted, used, or relied upon to calculate the exact amount of time
that Defendant is claiming was actually worked by this Plaintiff during that week; and,

f. For each week during the period of time covered by this Plaintiff's claims during which the
Plaintiff allegedly did not exceed the "applicable overtime threshold" all the documents
which Defendant has consulted, used, or relied upon to calculate the exact amount of
compensation that Defendant is claiming was paid to this Plaintiff for the time allegedly not
actually worked by this Plaintiff during that week.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**: With regard to this Plaintiff, provide each and every
document that Defendant claims supports its affirmative defense that "the Plaintiffs were
voluntarily engaged in outside employment, for a separate employer, and the time spent in
such off-duty activities is not chargeable against the City", as alleged in Defendant's Second
Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**: With regard to this Plaintiff, provide each and every
document that Defendant claims supports its affirmative defense that "Plaintiffs were routinely
relieved from duty without such time being charged against their leave banks or
otherwise", as alleged in Defendant's Second Amended Answer, including but not limited to the
following:

a. All documents which show each week (by year, month and date) that Defendant is
claiming this Plaintiff was "relieved from duty without such time being charged against
[his/her] leave banks or otherwise" during the claims period in this case; and

b. For each week listed in response to part a. of this Interrogatory, all documents which show
the amount of time (by hours and minutes) that Defendant is claiming this Plaintiff was
"relieved from duty without such time being charged against [his/her] leave banks or
otherwise";

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**: With regard to this Plaintiff, provide each and every
document that Defendant claims supports its affirmative defense that "The City denies that it
was engaged in commerce, as defined in the Fair Labor Standards Act, with respect to the
services provided by Plaintiffs", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City is entitled to recover such payments ["for hours not actually worked by that Plaintiff"] from each Plaintiff under the doctrine of unjust enrichment", as alleged in Defendant's Second Amended Answer, including but not limited to the following:

a. All documents showing the amount of each payment (in dollars and cents) that Defendant is claiming it "is entitled to recover" from this Plaintiff during the claims period in this case; and

b. For each amount listed in response to part a. of this Interrogatory, all documents showing the date of the payment (by year, month and date) that Defendant is claiming it "is entitled to recover" from this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "As applied to the City, the Fair Labor Standards Act is unconstitutional", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "Congress does not have the power under the Commerce Clause or any other authority in the United States Constitution to regulate the manner in which a local governmental entity pays its police officers, because those officers perform solely local functions, and their actions do not substantially affect interstate commerce", as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "The City avers that it has in place with Plaintiffs a Collective Bargaining Agreement that constitutes a reasonable agreement between employer and employee concerning reasonable payment for various off-duty activities performed by Plaintiffs", as alleged in Defendant's Second Amended Answer and state each and every reason the City considers its off-duty pay arrangements to be "reasonable".

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "some Plaintiffs are employed as executives, administrators or professionals, and therefore are exempt from the wage and overtime restrictions of the Fair Labor Standards Act", as alleged in Defendant's Second Amended Answer and for this Plaintiff specifically provide the following:

a. All documents which show which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to this Plaintiff;

b. All documents which show how the work performed by this Plaintiff satisfies the duties elements of the executive, administrative, and/or professional exemptions;

c. All documents which show how the hourly compensation paid to this Plaintiff satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

d. All documents which show all facts which Defendant contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions are met.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "time spent outside of regular working hours in training to meet a certification standard established by laws of a higher governmental body does not count towards any applicable overtime threshold established by the FLSA", as alleged in Defendant's Second Amended Answer and specifically provide:

a. All documents which show how many hours of training time Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff;

b. All documents which show when (by year, month, week and day) this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff; and,

c. All documents which show what type of training this Plaintiff was engaged in when this Plaintiff allegedly spent the hours of training time that Defendant is claiming "does not count towards any applicable overtime threshold" for this Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "hours worked by Plaintiffs 1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment are not chargeable against the City for purposes of determining whether or not any Plaintiff has exceeded the applicable overtime threshold" as alleged in Defendant's Second Amended Answer and specifically provide:

    a. All documents which show when (by year, month, week and day) this Plaintiff allegedly worked: "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment"; and,

    b. All documents which show for each week listed in response to Interrogatory 16. a. above, how many hours and minutes the Defendant is claiming this Plaintiff worked "1) substituting for other officers, 2) on special detail assignments, and 3) in outside employment".

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense that "the Plaintiffs have failed to mitigate their damages", as alleged in Defendant's Second Amended Answer and provide specifically:

    a. All documents which show the precise amount of damages (in dollars and cents) that Defendant is claiming this Plaintiff "failed to mitigate" during the claims period in this case; and

    b. All documents which show what it is that Defendant is claiming this Plaintiff should have done to mitigate his/her damages in this case.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "governmental immunity" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "payment" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "ambiguity of contract" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "waiver" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** With regard to this Plaintiff, provide each and every document that Defendant claims supports its affirmative defense of "offset" as alleged in Defendant's Second Amended Answer.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**ADMISSION NO. 1**:  Admit that, for the time period Plaintiff has asserted overtime claims, Plaintiff is an individual covered by the Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

**RESPONSE**:

**ADMISSION NO. 2**:  Admit that the SAPD employed Plaintiff as an Officer/employee as defined in Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code for the claim period.

**RESPONSE**:

**ADMISSION NO. 3**:  Admit claim period Plaintiff has asserted overtime claims, he/she was a member of a protected class under Fair Labor Standards Act, Title 29, Sections 201-219 of the United States Code.

**RESPONSE**:

**ADMISSION NO. 4**:  Admit that the Plaintiff was employed as a Police Officer at SAPD during the claim period.

**RESPONSE**:

**ADMISSION NO. 5**:  Admit that the Plaintiff was classified by the SAPD as a "non-exempt" employee for the purpose of computing and calculating overtime pursuant to the Fair Labor Standards Act ("FLSA") during the claim period.

**RESPONSE**:

**ADMISSION NO. 6**:  Admit that the SAPD has not paid Plaintiff regular overtime pay for time spent by Plaintiff during the claim period.

**RESPONSE**:

**ADMISSION NO. 7**:  Admit that the SAPD does not contend Plaintiff is an FLSA "exempt" employee for the purpose of calculating overtime claimed by Plaintiff during the claim period.

**RESPONSE:**

**ADMISSION NO. 8**:  Admit that the Plaintiff asserted claims for overtime wages during the claim period are covered <u>exclusively</u> by the *FLSA*.

**RESPONSE:**

**ADMISSION NO. 9**:  Admit Plaintiff is not classified by the SAPD as an employee exempt from the FLSA pursuant to 29 U.S.C. § 215 (a)(1).

**RESPONSE:**

**ADMISSION NO. 10**:  Admit that the Plaintiff does not have to follow or abide by the administrative procedures contained in the Collective Bargaining Agreement to assert Plaintiff's FLSA claims in this lawsuit.

**RESPONSE:**

**ADMISSION NO. 11**:  Admit that the Plaintiff asserted unpaid overtime claims, were not for the performance of administrative or professional duties as defined and described in 551.206 and 551.207 of 5 Code of Federal Regulations.

**RESPONSE:**

**ADMISSION NO. 12**:  Admit that the SAPD has not designated Plaintiff as FLSA exempt because none of the he meets one or more of the exemption criteria in part 551 of Title 5, Code of Federal Regulations.

**RESPONSE:**

**ADMISSION NO. 13**:  Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22, job-issued weapons, off-duty.

**RESPONSE:**
**ADMISSION NO. 14**:  Admit that the SAPD did not officially assign the Plaintiff to practice his proficiency on his Glock-22 weapon.

---

RESPONSE:


ADMISSION NO. 15: Admit that the SAPD did not pay Plaintiff an overtime rate of 1.5 times the hourly base rate for overtime work done through the SAPD Off-Duty Office.

RESPONSE:


ADMISSION NO. 16: Admit that the SAPD did not pay Plaintiff any wages for the time spent maintaining or cleaning Plaintiffs' service weapons at home or off-duty.

RESPONSE:


ADMISSION NO. 17: Admit that the SAPD did not officially assign the Plaintiff to clean his Glock-22 weapons at home or off-duty.

RESPONSE:


ADMISSION NO. 18: Admit that the SAPD did not officially assign Plaintiff to practice with his Glock-22 weapons at a range, off duty, to maintain Plaintiff's proficiency.

RESPONSE: