UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JACKSON, et al.<br>*Plaintiffs,* | § § § | |
| v. | § | Cause No. SA-03-CV-049-RF |
| THE CITY OF SAN ANTONIO<br>*Defendant* | § § § § | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

**I.   INTRODUCTION**

This matter was settled through extensive negotiations encompassing many months and two separate mediations. The settlement encompasses all claims of the Plaintiffs. The terms of the settlement are memorialized in the Settlement Agreement and Collective Release that have been contemporaneously filed as Exhibits "A" and "B" to the parties' Joint Motion for Approval of FLSA Settlement.

The Settlement Agreement provides for payments to the Plaintiffs of both non-monetary and monetary compensation. The cash settlement amounts were apportioned among the Plaintiffs and their counsel by agreement between them and without involvement by Defendant.

It is generally recognized that court approval of a FLSA settlement is necessary to effectuate a valid and enforceable release of FLSA claims. Where, as here, the litigation arises from a private enforcement action under Section 216(b) of the FLSA, a district court may approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties over FLSA coverage. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S.

697 (1945)). The Court should readily conclude that the standard for approval of this FLSA settlement is satisfied.

## II. SUMMARY OF THE LITIGATION

Plaintiff originally filed this action in December 2002 alleging violations of the FLSA's overtime provisions, and contending that they were not properly paid for all their hours of work under the FLSA. Plaintiffs sought to recover unpaid overtime wages, liquidated damages, attorneys' fees and court costs. Defendant denied that it had improperly paid Plaintiffs, and denied that Plaintiffs were entitled to any additional compensation or other relief.

The case was extensively litigated over the course of nearly six years. The parties have now completed the details of the settlement, and have memorialized their settlement in a Settlement Agreement and Collective Release which are attached as Exhibits "A" and "B" to the parties' Joint Motion for Approval of Settlement.

## III. ARGUMENT

### A. FLSA Settlements Generally Require Court Approval.

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, generally prohibits employers and employees from agreeing to less than time and a half for all hours worked after 40 in a workweek. It is generally recognized that purely private settlements of FLSA compensation and liquidated damages claims are unenforceable. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)), *but see Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) (concluding that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.").

Accordingly, wage claims arising under the FLSA are typically settled or compromised in only one of two ways. First, under Section 216(c) of the Act, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment thereby waives his right to bring suit for both the unpaid wages and for liquidated damages. 679 F.2d. at 1352-53. Second, in a private enforcement action under Section 216(b) of the Act, a district court may approve a settlement reached as a result of contested litigation to resolve a *bona fide* dispute between the parties over FLSA coverage. *Id.* at 1352-54. When the latter option is proposed, as it is here, the court may enter a stipulated judgment, "after scrutinizing the settlement for fairness." *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

Thus, the court's inquiry as to the fairness of an FLSA settlement arising from a private enforcement action is two-staged. First, the court considers whether the settlement was the product of "contested litigation." Second, the court inquires as to whether the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the parties over FLSA coverage. Typically, courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Id.* at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

B.   **The Proposed Settlement Is the Product of Contested Litigation.**

There is no question that the proposed settlement is the product of contested litigation. This case was filed in December 2002, and has been heavily litigated for nearly five years. The parties have engaged in significant discovery and briefing. In addition to the parties' extensive factual investigation, the parties also undertook considerable legal analysis of the various issues

3

implicated in this case. Numerous briefs were filed and responded to reach a semblance of agreement concerning the parameters of Plaintiffs' claims and the viability of Defendant's defenses and then to negotiate a resolution of those claims.

Prior to the negotiated resolution, the parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in the case. Accordingly, the Court should readily conclude that the proposed settlement was the product of contested litigation.

    **C.**    **The Proposed Settlement Reflects a Fair and Reasonable Resolution of a *Bona Fide* Dispute Between the Parties over FLSA Coverage.**

The second prong of the Court's settlement approval inquiry focuses on two issues. The first issue is confirming the existence of a *bona fide* dispute between the parties over FLSA coverage. The second issue involves examination of the fairness and reasonableness of the proposed settlement. As explained below, the Court should readily conclude that both issues implicated by this second prong of the Court's settlement approval inquiry are satisfied.

        **1.**    **A *Bona Fide* Dispute Between the Parties Existed over FLSA Coverage.**

Plaintiffs alleged that Defendant violated the FLSA's overtime requirements by requiring them to work certain hours without proper compensation under the FLSA. Defendant countered that the Plaintiffs were properly paid for all their hours of work, or that there were offsets which would more than nullify the Plaintiffs claims for additional compensation. Accordingly, the Court should readily conclude that there was a *bona fide* dispute between the parties over the existence and extent of any alleged FLSA violation.

        **2.**    **The Proposed Settlement Is Fair and Reasonable.**

            **a.**    **The Proposed Settlement Is Entitled to a Presumption of Fairness.**

The proposed settlement was the result of arm's length negotiation by experienced, capable attorneys on both sides, including attorneys with extensive experience in litigating FLSA overtime cases. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness). *See also In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel.").

Moreover, the public policy in favor of settlements, particularly in cases where substantial resources can be conserved by avoiding the time, cost and rigor of protracted litigation, further supports a presumption of fairness in this case. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

Accordingly, this Court should, at the outset, conclude that the proposed settlement enjoys a presumption of fairness.

### b. The Settlement Is Fair and Reasonable.

Consideration of the relevant factors confirms that the proposed settlement is fair and reasonable.

### (1) Substantial Obstacles Exist if the Litigation Continues, and the Settlement Offers Substantial, Immediate Relief.

As outlined above, the parties vigorously disagree about the merits of Plaintiffs' claims and the viability of Defendant's various defenses. If the litigation were to continue, Plaintiffs would not be entitled to recover anything unless Defendant was unsuccessful in establishing its exemption defense under 29 U.S.C. § 207(k). Even if Plaintiffs cleared that hurdle, the amount of any recovery would still be subject to potential offsets and would also turn in part on the number of hours of off the clock work established through the presentation of documents and conflicting testimony. The substantial benefits that will be received by the Plaintiff immediately and made certain by the settlement is a significant factor weighing in favor of the Court's approval of the proposed settlement. *See In re Bankamerica Corp. Securities Litigation*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.") (internal quotations omitted)).

### (2) Plaintiff's Counsel and the Plaintiff Steering Committee Support the Settlement.

After extensive negotiations and the exchange of a great deal of pertinent information, Plaintiffs' counsel have gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and have ample evidence on which to base an informed assessment of the proposed settlement. Based on their knowledge of the case and the applicable law, as well as their experience in similar FLSA actions, counsel believe the settlement is fair, reasonable and adequate. "Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight." *In re BankAmerica*, 210 F.R.D. at 702. The Plaintiffs Steering Committee also extensively participated in the negotiation process and

approved the Settlement Agreement and signed the Collective Release. Thus, this factor favors approval of the settlement.

Where, as here, the settlement reflects a fair and reasonable resolution of a *bona fide* dispute, this Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## IV. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant approval to the proposed FLSA settlement, and dismiss the case with prejudice.

Respectfully submitted,

*David L. Kern, by Shawn Fitzpatrick, with permission*

David L. Kern
**KERN LAW FIRM PC**
1300 North El Paso Street
El Paso, Texas 79902
915.542.1900
915.242.0000 fax
Attorney for Plaintiffs

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
PO Box 831121
San Antonio, Texas 78283-1121
SBN: 00787474
(210) 207-2157/(210) 207-8997 FAX
ATTORNEY FOR DEFENDANT